UNITED STATES DISTRICT COOURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANSOUR MERRIKHI NASRABADI, , | ) ) ) | |
| Plaintiff, | ) ) | Case No. 18-CV-08514 |
| v. | ) ) | Hon. Thomas J. Durkin |
| TAHER KAMELI, | ) ) ) | |
| Defendant. | ) | |

**MOTION TO EXTEND TIME TO ANSWER REQUESTS FOR
ADMISSION AND TO WITHDRAW
OR AMEND ANY DEEMED ADMISSIONS**

Plaintiff Mansour Merrikhi, by and through his counsel, hereby makes application and motion to extend time to answer requests for admission to and including December 5, 2019, and to withdraw or amend any deemed admissions.

The facts underlying this motion are set forth in the accompanying declaration of Thomas J. Weiss, and may be summarized as follows:

1. Defendant served 268 requests for admissions ("RFAs") on or about September 16, 2019. These were far-reaching requests and included requests relating to plaintiff's life, activities and economic interests in Iran, and proffered interpretations of the transmitted documents. Because plaintiff resides in Iran and would not be available to meet with and assist counsel until mid-November, plaintiff's counsel requested and received an extension to November 30 to respond to the outstanding discovery, including the RFAs.

2. November 30 was the Saturday of the Thanksgiving holiday weekend. The responses to the 268 requests, without assertion of any objections, were served

1

December 5, three days after the effective due date of Monday, December 2, under F. R. Civ. P. Rule 6(a)(1)(C).

    3. From December 5 through December 10, when plaintiff took defendant's deposition in Chicago in the presence of defense counsel Nick Albukerk, defendant's counsel did not assert that the December 5 responses to the requests for admission were ineffective or that the requests were deemed admitted. On December 19, Mr. Albukerk requested further responses to discovery, saying "we ask that you amend his answers" to the requests for admission.

    4. On December 20, plaintiff received electronic service of defendant's request for leave to proceed with summary judgment by reason of deemed admissions.

    5. Good cause exists to grant this motion because the circumstances qualify for such relief under the standard of F. R. Civ. P. 36(b), which authorizes such relief where "it would promote the presentation of the merits of the action" and would not "prejudice the requesting party in maintaining or defending the action on the merits.

    6. The responses were served three days after they were due. Because the agreed response date was a Saturday, November 30, the responses were then due on the next business day, which was Monday, December 2, 2019. Fed. R. Civ. P. 6(a)(3).

    7. Plaintiff fully responded to each and every of the 268 requests for admission without objection. Because of the circumstances involved, as are more fully explained in the Declaration of Thomas J. Weiss filed concurrently herewith, plaintiff requests the court's relief in extending the due date of the responses to and including December 5, 2019, the date on which the responses were served electronically on defendant.

    8. Despite the language of Rule 36 with regard to the automatic admission of untimely responses, federal courts have long recognized and exercised their

2

discretion under Rule 36 to permit late responses to requests for admission. *French v. United States* (9th Cir. 1968) 416 F.2d 1149, 1152 (held: "A trial judge has discretion to permit a late response to a request for admissions . . ., and thus relieve a party of apparent default.") The language of Rule 36(a) provides a court with discretion to extend the time for responding to requests for admissions, even after the time to respond has expired. F. R. Civ. P. 36(a)(3) ("A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."). Under Rule 26(b) the court can relieve a party from a deemed admission "if it would promote the presentation of the merits of the action" without prejudicing the defense of the action by the propounding party.

    9. Plaintiff requests that the court exercise such discretion here to relieve plaintiff of the deemed admitted effect of the late responses to requests for admission. By means of the requests for admission defendant sought to require plaintiff to admit to defendant's slanted and one-sided interpretation of the various documents in the investment history and in defendant's attorney-client agreements with plaintiff. Deeming these admitted would complicate any trial or motion issues because of the ambiguities and compound meanings of the requests. As a representative example, admission request 151 asks plaintiff to admit that by signing defendant's document "Waiver of Conflict of Interest" "you expressly waived any and all conflicts of interest between you, Taher Kameli, CFIG, K&A, KLG, and any of their associates." In response, plaintiff admitted that his signature is genuine and otherwise denies. Plaintiff's material contentions in this case include the contention that Kameli's conflicts with his clients were not waivable, a conclusion which the Seventh Circuit has already reached in another case between Kameli and his clients in another fund. If the response is deemed a default admission, the meaning of the admission itself will become the subject of controversy and interpretation. Kameli will contend that plaintiff admits to waiving the unwaivable, and plaintiff will

3

contend that even when an unwaivable conflict is "expressly waived" it is not waived.

10. Relief under Rule 36(b) thus will clearly promote presentation of the issues on their merits.

11. The Rules of Civil Procedure explicitly state that the rules are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." F. R. Civ. P. 1. Here, the responses were only 3 days late because of logistical delays after the Thanksgiving holiday weekend, and the illness of counsel's paralegal. The tardiness of the responses is minimal, and defendant cannot show that he will suffer prejudice to the presentation of his defenses by reason of this 3-day delay.

12. Cases generally grant relief where there has been a minor delay in supplying responses to requests for admission. *U.S. v. Petroff-Kline* (6th Cir., 2009) 557 F.3d 285, 293 (court affirmed the "understandable discretion vested in the district courts to permit a longer time for a written answer to a request for admissions" and to accept the responses where answers were served 3 days late). The court cited the "strong reluctance" to default a party for a few days' delay in responding. *U.S. v. $30,354 in US currency* (W.D. Ky, 1994) 863 F. Supp. 442, 444-445 (relief granted where responses were 32 days late). *Marshall v. Sunshine and Leisure, Inc*. (M.D. Fla, 1980) 496 F. Supp. 354, 355-356 (held: relief granted where plaintiff failed to respond through inadvertence and defendant was not prejudiced, disapproving what it called a "procedural ambush".) *Nguyen v. CNA Corp*. (4th Cir., 1995) 44 F.3d 234, 244 (held: district court properly granted relief where answers were served a day late.) *Flohr v. Pennsylvania Power & Light Co.* (E.D. Pa., 1993) 821 F. Supp. 301, 306 (held: relief granted from late response: "The court should normally permit untimely answers when doing so would aid in the presentation of the merits of the action and would not prejudice the party who made

4

the requests."). *St. Regis Paper Co. v. Upgrade Corp.* (W.D. Mich., 1980) 86 F.R.D. 355, 356 (held: relief granted where period of unexcused lateness was 44 days).

12. Nor is a formal motion always required for such relief. Instead, a withdrawal "may be imputed from a party's action," included the filing of an otherwise belated denial. *Chancellor v. City of Detroit* (E.D. Mich., 2006) 454 F. Supp. 2d 645, 666 (held: relief granted where answers filed 3 days late).

13. These cases are not inconsistent with those cited by defendant, *McCann v. Mangialardi* (7th Cir., 2003) 337 F.3d 782,788; and *United States v.; Kasuboski* (7th Cir., 1987) 834 F.2d 1345, 1349-1350, which presented egregious failures both to respond and to seek relief from the court. In *Kocon v. Lake County Sherriff's Department* (N.D., Ind., 2006) 2006 WL 2849720, the court cited and applied the standards of *Mangialardi* and *Kasuboski*, and granted relief under Rule 36(b) where the party had inadvertently failed to respond to admission requests for over five months. Similarly, in *VanHoose v. Nucor Corp.* (S.D., Ind, 2007) 2007 WL 2898697, the court granted a motion to withdraw deemed admissions where the failure to respond was inadvertent or negligent and there was no prejudice to defendant's presentation of defenses.

14. In this case, plaintiff in good faith responded to each of the 268 requests in a format which facilitates any needed use and review of the responses by counsel and the court. There is no prejudice to defendant.

For all the foregoing reasons, plaintiff respectfully requests that the court deny defendant's motion to have the court deem that the request for admissions be deemed admitted, and that plaintiff's request to have the court extend the time within which to provide responses to the requests for admission be extended to December 5, 2019, and be deemed timely served,

Accordingly, plaintiff requests that the court extend the response time by 3 days and thereby deem the December 5 responses to the requests for admission

5

properly served and withdraw any deemed admissions.

Dated: December 28. 2019

<u>/s/ Kevin M. Flynn</u>
Kevin M. Flynn (Atty. ID 3121727)
Kevin M. Flynn & Associates
190 South LaSalle Street, Suite 3850
Chicago, IL 60603
Telephone: 312.456.0240
Fax: 312.456.0240
Cell: 312.560.9495
Email: kevin@kmflynnlaw.com


Thomas J. Weiss (appearing Pro Hac Vice)
WEISS & ZAMAN
1925 Century Park East, Suite 2140
Los Angeles, California 90067
Telephone: 310-788-0710; F: 310-788-0735
Email: tweiss@weisslawla.com

## CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of Plaintiff's **MOTION TO EXTEND TIME TO ANSWER REQUESTS FOR ADMISSION AND TO WITHDRAW OR AMEND ANY DEEMED ADMISSIONS** on counsel for Defendant via ECF filing on December 28, 2019.

                                              /s/ Kevin M. Flynn