IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANSOUR MERRIKHI NASRABADI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 18 CV 8514 ) ) Magistrate Judge Jeffrey I. Cummings |
| TAHER KAMELI, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mansour Merrikhi Nasrabadi brings this motion to extend time to answer requests for admission and to withdraw or amend any deemed admissions.  Plaintiff served his responses to defendant Taher Kameli's requests for admission on December 5, 2019, which both parties agree was three days after plaintiff's responses were actually due on December 2, 2019.  Defendant asserts in his opposition to the motion that plaintiff's requests for admission should be deemed admitted.  For the reasons stated below, the Court grants plaintiff's motion to withdraw his admissions and to have his December 5, 2019 responses to stand as his responses to defendant's requests for admission.

**I.    FACTUAL BACKGROUND**

On December 28, 2018, plaintiff filed this lawsuit alleging that defendant, who is an attorney, engaged in legal malpractice and breached his fiduciary duty to plaintiff.  On September 16, 2019, defendant served plaintiff with 268 requests for admission.  Plaintiff, who resides in Iran, is a native speaker of Farsi and has a limited ability to speak English.  (Dckt. #45-1, ¶3 (Declaration of Thomas Weiss)).  Plaintiff's counsel – whose client was not able to meet

with him to answer the requests until mid-November – requested and received an extension of time until November 30, 2019 to respond to the requests. Because November 30 was a Saturday, plaintiff's responses to the requests were actually due on the following Monday, December 2, 2019. *See* Fed.R.Civ.P. 6(a)(1)(C).

Plaintiff's counsel was traveling out of town on November 30 for the Thanksgiving weekend and he returned to his office on December 2 to finalize plaintiff's responses. (Dckt. #45, ¶5). However, plaintiff's counsel's paralegal was out sick on December 2 and December 3 due to residual effects from chemotherapy. (*Id.*). Counsel's paralegal returned to work on December 4 and she and plaintiff's counsel finalized and served plaintiff's responses to all 289 requests to admit on December 5. (*Id.*). Defense counsel did not at the time assert that defendant intended to treat the requests to admit as being deemed admitted on account of plaintiff's untimely response. Indeed, on December 19, defense counsel sent plaintiff's counsel an e-mail in which he requested that plaintiff amend his responses to the request to admit (*id.*, ¶6), and both parties were deposed between December 5 and December 11 without incident. Nevertheless, on December 20, defendant served plaintiff with his request to proceed with summary judgement based on plaintiff's deemed admission of his requests to admit. (Dckt. ##42, 44). Plaintiff filed the instant motion on December 28, 2019.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 36(a)(3), requests for admission are deemed admitted if the requests are not answered in a timely manner. Nonetheless, "[a] court, in its discretion, may permit a party to rescind admissions when doing so better serves the preservation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." *Banos v. City of Chicago,* 398 F.3d 889, 892 (7th Cir. 2005). Plaintiff

"bears the burden to show that allowing [him] to withdraw h[is] admissions subserves the merits" and defendant "bear[s] the burden of showing [he] would be prejudiced by a withdrawal." *Rumick v. Stryker Corp.,* No. 09 C 7736, 2010 WL 5060251, at *1 (N.D.Ill. Dec. 3, 2010) (citing to *Banos,* 398 F.3d at 892-93).

Withdrawal of admissions is appropriate where doing so "would allow for a fuller presentation of the merits of the case" because the party who otherwise would be bound has evidence that contradicts the admissions. *Januszewski v. Village of Oak Lawn,* No. 05 C 3820, 2008 WL 4898959, at *5 (N.D.Ill. Nov. 12, 2008); *Eolas Techs. Inc. v. Microsoft Corp.,* No. 99 C 0626, 2002 WL 31375531, at *34 (N.D.Ill. Oct. 18, 2002) ("Courts generally find that if the admission contradicts the evidence, the amendment should be allowed because presentation of the merits will be improved"). In sum: "[w]ithdrawal should be permitted where it facilitates the ability of the parties to reach the truth in a case, unless granting the motion would unduly prejudice the opposing party." *Skolnick v. Puritan Pride,* No. 92 C 1022, 1995 WL 215178, at *2 (N.D.Ill. Apr. 10, 1995).

The type of "'prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather it relates to the difficulty a party may face in proving its case.'" *Januszewski*, 2008 WL 4898959, at *3, *quoting Hadley v. U.S.,* 45 F.3d 1345, 1348 (9th Cir. 1995); *Décor Grates, Inc. v. Fararo,* No. 92 C 6395, 1997 WL 399646, at *2 (N.D.Ill. July 11, 1997) ("The opposing party must show a genuine hardship arising from its reliance on such admissions"). Examples of such prejudice include where a party suffers prejudice to its trial preparation, or after significant delay the party foregoes discovery that it otherwise would have pursued but is now foreclosed from pursuing. *Januszewski*, 2008 WL 4898959, at *3; *Matthews v. Homecoming Fin. Network,* No. 03 C 3115,

3

2006 WL 2088194, at *3 (N.D.Ill. July 20, 2006) ("the prejudice must be based on the party's detrimental reliance on [the] admissions") (internal quotation marks omitted); *Cf. Windle v. Indiana,* No. 118CV01212SEBTAB, 2019 WL 6724605, at *4 (S.D.Ind. Dec. 10, 2019) (finding no prejudice where defendants "do not claim that they forewent any discovery based on his default admissions").

Courts also consider the length of time between when the requests were due and when they were filed when evaluating whether the party who stands to benefit from the admissions has suffered prejudice. *Cf. Chisholm v. Cancer Treatment Ctrs. of Am.,* No. 01 C 0947, 2002 WL 31085090, at *2 (N.D.Ill. Sept. 18, 2002) (finding an eight-day delay in answering requests to admit with five months remaining in discovery is not the kind of prejudice contemplated by Rule 36(b)) *with Craft v. Flagg,* No. 06 C 1451, 2009 WL 762461 at *3 (N.D.Ill. Mar. 20, 2009) (finding prejudice and noting that "[t]his is not a case where Plaintiffs' Responses were a few days or even a few weeks late"). Finally, courts consider the validity (or lack thereof) of the responding party's explanation for submitting their response to the requests to admit in an untimely manner when determining whether the opposing party would be prejudiced by a withdrawal. *Craft,* 2009 WL 762461 at *3; *Januszewski,* 2008 WL 4898959, at *4; *Matthews,* 2006 WL 2088194, at *3; *Skolnick,* 1995 WL 215178, at *3.

### III. DISCUSSION

#### A. The presentation of the merits will be served by allowing plaintiff to withdraw his admissions

Plaintiff asserts that relieving him of the effect of the admissions caused by his untimely responses would serve the presentation of the merits of this case because defendant's requests for admission "sought to require [him] to admit to defendant's slanted and one-sided interpretation of the various documents in the investment history and in defendant's attorney-client agreements

4

with plaintiff." (Dckt. #45 at 3). As an example, plaintiff cites request number 151 which asks him to admit that he "expressly waived" all conflicts of interest between himself and defendant (as well as several other entities) by signing defendant's document titled "waiver of conflict of interest." Plaintiff admitted in his response that he signed the document but denied the legal conclusion embedded in the request in reliance on the Seventh Circuit's ruling in another case[1] involving defendant to the effect that defendant's conflicts of interests with his clients are not waivable. (*Id.*). The parties dispute whether plaintiff's default admission that he waived a conflict of interest that the law provides he cannot waive has any legal effect.

The Court finds that it will promote the presentation of the merits to allow the parties to present their conflicting evidence as to the legal effect of plaintiff's signature on this and various other documents.[2] This is particularly so given that the parties dispute whether plaintiff (whose fluency in English is limited) had sufficient time to consult with independent legal counsel, have the documents translated, and to review the documents during the brief time frame within which he was expected to execute them. (Dckt. #44-8 at 10-11, 13-14, 22-23, 31). The parties also dispute the legal significance of plaintiff's evidence regarding these issues. (Dckt. #47 at 12

---

[1] Plaintiff apparently refers to the Seventh Circuit's decision in *Doe v. Nielsen,* 883 F.3d 716 (7th Cir. 2018), which held that defendant and his law firm had "at least two concurrent conflicts of interest, neither of which can be waived by informed client consent." *Id.,* at 718-19 & n. 1 (holding that affidavit from defendant's client which purported to waive any conflict of interest had no legal effect because the "two conflicts at issue . . . [we]re not waivable").

[2] Although neither party attached plaintiff's responses to the requests to admit to their filings concerning this motion, defendant did attach plaintiff's responses as Exhibit 8 to his motion to proceed with summary judgment by operation of FRCP 36(a)(3), *see* Dckt. #44-8, and this Court has the right to take notice of its own files and records. *See Prudential Insurance Co. of America v. Newman,* No. 17 C 8732, 2019 WL 4750014, at *9 (N.D.Ill. Sept. 30, 2019) (citing cases). A review of plaintiff's responses indicates that defendant repeatedly requested that plaintiff admit that adverse inferences and legal conclusions arose from the fact that he signed certain documents and that plaintiff – while admitting that he signed the documents – denied the inferences and conclusions. (Dckt. #44-8 at 10-11, 13-14, 22-23, 31).

(deeming such evidence to be irrelevant as long as plaintiff signed the documents)). Finally, as defendant acknowledges (Dckt. #47 at 12, 13), plaintiff denied and therefore disputes the authenticity of at least two of the documents that were attached to the requests for admission. Allowing plaintiff to withdraw his contrary admissions regarding these documents will enable the parties to "reach the truth" about whether they are authentic. *Skolnick,* 1995 WL 215178, at *2.

### B. Defendant has failed to establish that he will suffer prejudice if plaintiff's admissions are withdrawn

Defendant devoted one paragraph of his seventeen page brief to the issue of prejudice despite the fact that it is his burden to show that prejudice exists. In particular, defendant asserts that he:

> stepped back from moving to issue further written discovery, oral discovery, as well as retaining the necessary expert witnesses in reliance o[n] Plaintiff's default admissions. Allowing for Plaintiff's belated withdrawal of his admissions will necessitate the extension of discovery in this matter, and grant an extension of life to a lawsuit that has yet to show merit.

(Dckt. #47 at 16-17). Defendant's assertion fails to establish prejudice for the following reasons.

First, the fact that defendant may feel compelled to pursue additional discovery if plaintiff is allowed to withdraw his admissions is not sufficient to establish prejudice – especially given that discovery is not closed and will remain open until August 31, 2020, more than five weeks from now – because "case law has indicated that having to prosecute the case upon its merits does not constitute the kind of prejudice contemplated by Rule 36(b)." *Eolas Techs.,* 2002 WL 31375531, at *34 (internal quotation marks omitted); *Skolnick,* 1995 WL 215718, at *4; *Village of Rosemont v. Priceline.com Inc.,* No. 09 C 4438, 2011 WL 491322, at *5 & n.2 (N.D.Ill. Oct. 14, 2011) (finding no prejudice where there was a month before the discovery cutoff within which defendant could conduct follow-up discovery); *Chisholm,* 2002 WL

31085090, at *2 (finding no prejudice where defendant had "ample opportunity" to examine issues raised by plaintiff's withdrawn admissions before the close of discovery). Defendant has failed to specify the quantity of follow-up fact discovery he needs or why such discovery cannot be conducted within the current fact discovery time period.[3] Nor does defendant provide any explanation for why he believes that he will need expert testimony if plaintiff's admissions are withdrawn. Even if defendant does conclude that he needs an expert, however, he will suffer no prejudice if plaintiff's admissions are withdrawn because the schedule for expert discovery has not yet been determined by this Court.

Second, defendant does not argue that he would have to redo plaintiff's deposition or any others if plaintiff's admissions are withdrawn. *Cf. Craft,* 2009 WL 762461, at *3 (finding prejudice where defendants reasonably relied on the admissions while taking plaintiffs' depositions and the plaintiffs would need to be redeposed if their admissions were withdrawn). Nor does defendant assert that any witnesses or evidence he would have otherwise sought out are now unavailable or that his trial preparation has been adversely impacted through reliance on plaintiff's admissions.

Finally, the Court finds that plaintiff's explanation for his three day delay in filing his responses to the requests for admission is reasonable and justifiable. Contrary to defendant's contention (Dckt. #47 at 5), the declaration of plaintiff's counsel is sufficient to establish that the delayed response was due to the unexpected illness of counsel's paralegal. *Rumick,* 2010 WL 5060251, at *1 (finding that counsel's sworn declaration trumps unsupported assertions in a brief). The brief nature of the delay likewise cuts against the notion that defendant will suffer the

---

[3] Under the terms of this Court's June 18, 2020 order [67], written discovery is due to be completed by July 31, 2020. To ensure that defendant will be able to conduct any follow-up written discovery he desires, the Court will adjust the current schedule to permit defendant to *serve* any further written discovery by July 31, 2020

kind of prejudice contemplated by Rule 36(b) if plaintiff is allowed to withdraw his admissions. *See Chisholm,* 2002 WL 31085090, at *2 (no prejudice with an eight-day delay).

## CONCLUSION

For the foregoing reasons, the Court grants plaintiff's motion to extend time to answer requests for admission and to withdraw or amend any deemed admissions. Accordingly, plaintiff's admissions are withdrawn and his December 5, 2019 responses to defendant's requests for admission are allowed to stand as his responses. The Court further orders that the parties are granted leave to serve any additional written discovery on or before July 31, 2020.

                                      **ENTERED:**

                                      _____
                                      **Jeffrey I. Cummings**
                                      **United States Magistrate Judge**

**Dated: July 23, 2020**