IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANSOUR MERRIKHI NASRABADI, | ) ) ) |
| Plaintiff, | ) ) ) No. 18 CV 8514 |
| v. | ) ) Magistrate Judge Jeffrey I. Cummings |
| TAHER KAMELI, | ) ) |
| Defendant. | ) ) |

**ORDER**

Defendant, Taher Kameli, filed a motion to compel certain documents from plaintiff, Mansour Merrikhi Nasrabadi, and a motion to compel compliance with subpoenas duces tecum issued to non-parties Mahvash Pirbazary (plaintiff's wife) and Elahe Merrikhi Nasrabadi (plaintiff's daughter) largely dealing with the same subject matter of documents. (Dckt. ##78, 79).[1] Plaintiff filed his memorandum in opposition to the motion to compel documents (Dckt. #86) and, also, along with his non-party wife and daughter, filed a memorandum in opposition to the motion to compel subpoenas. (Dckt. #85). In addition, defendant has moved for leave to file replies in support of his motions (Dckt. #87) and a supplemental reply (Dckt. #89) in support of his motions. For the reasons stated below, the Court grants in part and denies in part defendant's motion to compel documents and motion to compel subpoenas (Dckt. ##78, 79) and grants defendant's motions to file replies (Dckt. #87) and supplemental reply (Dckt. #89) instanter.

---

[1] Defendant's motion to compel (Dckt. #78) will be referred to as the "motion to compel documents" and Defendant's motion to compel (Dckt. #79) will be referred to as the "motion to compel subpoenas."

1

I.  **FACTUAL BACKGROUND**

On December 28, 2018, plaintiff filed this lawsuit alleging that defendant, who is an attorney, engaged in legal malpractice and breached his fiduciary duty to plaintiff. On July 1, 2020, defendant served his second requests for production of documents on plaintiff – the subject of the motion to compel documents. (Dckt. #78 at 3). Plaintiff served his responses on July 16, 2020. (*Id.* at 4). The parties engaged in two meet and confer conferences wherein they resolved some of their disputes but were unable to reach an accord as to Requests for Production Nos. 15-22. (*Id.*).

On July 30, 2020, defendant served subpoenas duces tecum on Elaheh Merrikhi Nasrabadi and Mahvash Pirbazary, plaintiff's daughter and spouse of plaintiff, respectively. (Dckt. #79 at 1; Dckt. #85 at 1, 6). Plaintiff objected to requests two through nine of the subpoena issued to Ms. Pirbazary and requests one through four of the subpoena issued to Ms. Nasrabadi. (Dckt. #79 at 1-2). The Court issued a minute order reminding plaintiff that

> generally speaking, "courts in this district have made clear [that] non-recipients do not have standing to quash subpoenas on relevance and proportionality grounds." *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 3050230, at *2 (N.D.Ill. June 8, 2020) (citing cases). Similarly, while a party has standing to protect its own privacy concerns, any privacy concerns of the subpoena respondents themselves are for them to assert.

(Dckt. #82). The response in opposition to the motion to compel subpoenas was filed on behalf of the two non-parties as well as the plaintiff. (Dckt. # 85 at 1).

Defendant then filed his request for leave to file replies (Dckt. #87) and request for leave to file supplemental reply. (Dckt. #89). The Court grants both of these motions and it has considered defendant's replies and supplemental reply, which are attached as exhibits to the motions (Dckt. #87 at 3-33; Dckt. #89 at 3-6), in ruling on defendant's motions to compel.

**II.     STANDARD**

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a).  Courts have broad discretion in resolving such disputes and do so by adopting a liberal interpretation of the discovery rules.  *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018).  Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.,* 365 F.Supp.3d 916, 924 (N.D. Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter").

Discoverable information is not limited to evidence admissible at trial.  Indeed, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."  Fed.R.Civ.P. 26(b)(1).  The burden is on the party opposing discovery to show why it should be disallowed.  *Belcastro v. United Airlines, Inc*., No. 17 cv 1682, 2019 WL 1651709, at *3 (N.D.Ill. April 17, 2019).

Furthermore, although defendant cites the current version of Rule 26, he mistakenly relies on caselaw that predates the 2015 amendments to the Rule to construe it.  (*See* Dckt. #78 at 1-2; Dckt. #79 at 2-3.)  Courts have rejected this approach.  *See, e.g., Hansen v. Country Mut. Ins. Co.*, No. 18 CV 244, 2021 WL 353885, at *1 n.1 (N.D.Ill. Feb. 2, 2021); *Alexander v. 1328 Uptown, Inc.,* No. 18-CV-1544 (ECT/ECW), 2019 WL 4929931, at *3 (D.Minn. Oct. 7, 2019); *Bonanza Beverage Co. v. Millercoors, LLC,* No. 218CV01445JADGWF, 2019 WL 302491, at *3 (D.Nev. Jan. 23, 2019).  As presently drafted, "[t]he discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's

interest" and parties are instead "entitled to a reasonable opportunity to investigate the facts – and no more." *Motorola Sols., Inc.,* 365 F.Supp.3d at 925 (internal quotation marks omitted).

**III.   ANALYSIS**

**A.   Defendant's motion to compel documents.**

Defendant is seeking to compel plaintiff to produce documents that are responsive to Request for Production Nos. 15-22.  These requests seek: (a) statements and communications that indicate plaintiff's rate or fees for translation from Farsi to English and vice versa from 2016 through 2018 (request no. 15); (b) a copy of the lease for plaintiff's rental home in California for 2016 and 2017 (no. 16); (c) documents of plaintiff's pension salary in Iran for 2016 through 2018 (no. 17); (d) insurance documents (no. 18); (e) documents related to the purchase of a house or property in the United States since 2015 (no. 19); (f) copies of medical payments for 2016 through 2020 (no. 20); (g) airplane tickets from 2016 through 2020 (no. 21); and (h) documents related to auto loan and insurance from 2016 through 2020 (no. 22).  (Dckt. #78 at 7-13).

Generally, defendant argues that the documents referenced above are discoverable for impeachment of plaintiff, to show plaintiff's tendency to be truthful, and to attack his credibility. (Dckt. #78 at 7-13).  Defendant further argues that such documents may be admissible under Federal Rule of Evidence 608(b) because he can cross-examine witnesses on specific instances of misconduct so long as the attorney has a good faith basis to believe such instances of misconduct are probative of the witness's character for truthfulness.[2]  (Dckt. # 78 at 5).  Finally, in his supplemental reply, defendant points out that courts in this District have allowed discovery

---

[2] The Defendant, in a footnote, sites to numerous *criminal* cases where the court permitted cross-examination about specific dishonest conduct such as lying on a job application, failing to file tax returns, theft or bribery.  (Dckt. #78 at 6-7, fn. 2).

4

of documents pertaining to Rule 608 in discovery in civil cases. See Dckt. #89 (citing to *Camphausen v. Schweitzer*, No. 10 C 3605, 2010 WL 4539452, at *2-3 (N.D.Ill. Nov. 3, 2010) (impeachment evidence related to prior misconduct, former employers, reputation, and identities of individuals who informed plaintiff of his changed reputation and false statements was relevant and discoverable in a defamation *per se* case); *Federal Deposit Ins. Corp. v. W.R. Grace & Co.*, No. 84 C 5031, 1987 WL 7810, at *1 (N.D.Ill. Mar. 11, 1987) (allowing discovery of documents of an investigation of one of the bank's senior vice president in a fraud matter because the information could be relevant to the banker's personal lending practices and his credibility)).

Defendant is correct that "impeachment material may be discoverable, even if information is not otherwise relevant to the claims or defenses." *City of Chicago v. Smollett,* No. 19 C 4547, 2020 WL 3643121, at *2 (N.D.Ill. July 6, 2020). Nonetheless, discovery of impeachment material, as with all discovery, is subject to considerations of proportionality, relevance, and the other factors specified by Rule 26(b)(1). *See, e.g., Simon v. Nw. Univ.*, No. 1:15-CV-1433, 2017 WL 467677, at *4 (N.D.Ill. Feb. 3, 2017). Consequently, courts addressing discovery for Rule 608(b) purposes reject defendant's theory that a party is allowed discovery searching out "any dishonest act" in the witness's personal history.

For example, the *Simon* court declined to "expand the scope of discovery on the basis of information that *might* be admissible under 608(b)" finding that

> an analysis under 608(b) will invite an endless discoverable time frame. Without specific discovery requests that particularly identify likely 608(b) evidence, allowing discovery to be guided by the *potential discovery* of 608(b) evidence would result in a discovery scope that generally ignores the proportionality dictate of Rule 26…Significant "false statements" would always meet the relevancy test, but premising wide ranging discovery in search of such evidence would undermine the fundamental principles of Rule 26.

5

*Id.* (emphasis in original); s*ee also E. E. O. C. v. First Wireless Grp., Inc.*, 225 F.R.D. 404, 406 (E.D.N.Y., 2004) (finding "Rule 608(b) generally bars introduction of extrinsic evidence to impeach a witness's credibility" and, therefore, barred discovery of tax returns and immigration status); *Butler v. Craft*, No. 1:16-CV-01158, 2017 WL 1429896, at *4-5 (W.D.La. Apr.19, 2017) (denying discovery into defendant's personnel records including his departure from his former employer, a bank, that may reveal self-dealing and dishonesty under Rule 608(b) because "extrinsic evidence of such conduct is not admissible"); *Seattle Pac. Indus., Inc. v. S3 Holding LLC*, No. C18-0224RSL, 2019 WL 1013426, at *2 (W.D.Wash. Mar. 4, 2019) (denying motion to compel plaintiff's prior use of a trademark to challenge the credibility of plaintiff's president finding that "[i]f requests for … production could be justified by nothing more than the hope of catching a witness in a lie, there would be virtually no limit on the scope of discovery.").

In consideration of these principles, the Court rules as follows on defendant's requests.

### 1. Plaintiff is required to substantiate that he has no documents responsive to Request for Production No. 15.

Defendant argues that request no. 15 is relevant and appropriate because plaintiff's ability to understand English is at issue since he "has used his alleged deficiency and understanding of the English language as a defense, claiming he was unable to understand the critical documents in question." (Dckt. #78, at 8). The Court finds, and plaintiff does not appear to dispute, that this request (which seeks "any and all statements and communications indicating plaintiff's rate and fees for translation from Farsi to English and vice versa for the years of 2016 through 2018) is appropriate. Plaintiff, however, asserts that he has no documents responsive to this request. By April 14, 2021, plaintiff is ordered to submit an affidavit or declaration stating the steps that he took to find documents responsive to this request and certifying that the responsive documents (if any) that he has located have been provided to defendant. *Hansen v. Country Mut. Ins. Co.*,

6

No. 18 CV 244, 2020 WL 5763588, at *3 (N.D.Ill. Sept. 28, 2020); *Lee v. Lee,* No. CV 19-8814 JAK (PVCX), 2021 WL 430696, at *6 (C.D.Cal. Jan. 27, 2021).

### 2. Defendant's Requests for Production Nos. 16-22 seek documents that are insufficiently relevant and are not proportionate to the needs of the case.

Defendant asserts that the documents sought in Request Nos. 16-22 are discoverable because they will possibly show how plaintiff provided "misinformation" to the IRS or generally go to his "tendency to be truthful." In effect, defendant hopes to catch plaintiff in lies. This is insufficient to warrant discovery. *See S3 Holding LLC*, 2019 WL 1013426, at *2. The Court agrees with plaintiff that the documents sought by these requests are insufficiently relevant and proportionate to the needs of the case to be discoverable. Like the *Simon* court, this Court declines to "expand the scope of discovery on the basis of information that *might* be admissible under 608(b)." *Simon,* 2017 WL 467677, at *4.

### B. Defendant's motion to compel subpoenas.

Defendant's motion to compel subpoenas seeks to compel the production of documents from plaintiff's wife and daughter (who are non-parties) that are similar to the documents he seeks from plaintiff. (Dckt. #79). In particular, the subpoena to Ms. Pirbazary seeks: (a) documents for her pension salary in Iran from 2016 through 2019 (request no. 2); (b) the deed to the house in Ms. Pirbazary's name in California (no. 3); (c) airplane tickets purchased by Ms. Pirbazary from the United States to other countries and vice-versa from 2016 through 2019 (no. 4); (d) mortgage insurance for the California home (no. 5); (e) documents of Ms. Pirbazary's salary in the U.S. from 2016 through 2020 (no. 6); (f) copies of Ms. Pirbazary's certificates and college degrees obtained in the U.S. (no. 7); (g) automobile loans in Ms. Pirbazary's name from 2014 through present (no. 8); and (h) bank accounts for Ms. Pirbazary in Iran from 2016 through present (no. 9). (Dckt. #79 at 2-9).

The subpoena to Ms. Nasrabadi includes the following categories: (a) all documents translated personally by Ms. Nasrabadi or provided to plaintiff from English to Farsi or vice-versa from 2016 through 2019 (request no. 1); (b) Ms. Nasrabadi's tax documents from 2015 through 2019 (no. 2); (c) all bank accounts for Ms. Nasrabadi in Iran (no. 3); and (d) communication between Ms. Nasrabadi and third-party containing translation of documents from English to Farsi and vice-versa from 2016 through 2019 (no. 4). (Dckt. #79 at 9-11).

**1. Plaintiff and the non-parties have standing to object to the subpoenas.**

This Court previously reminded plaintiff in a minute order, that

> generally speaking, "courts in this district have made clear [that] non-recipients do not have standing to quash subpoenas on relevance and proportionality grounds." *DeLeon-Reyes v. Guevara*, No. 1:18-CV-01028, 2020 WL 3050230, at *2 (N.D.Ill. June 8, 2020) (citing cases). Similarly, while a party has standing to protect its own privacy concerns, any privacy concerns of the subpoena respondents themselves are for them to assert.

(Dckt. #82). Plaintiff and the non-parties, Ms. Pirbazary and Ms. Nasrabadi, then filed a joint memorandum in opposition to the motion to compel subpoena. (Dckt. #85).

Defendant failed to comply with the requirements of Fed.R.Civ.P. 45(a)(4) by not first sending notice and copies of the subpoenas to plaintiff. (Dckt. #85 at 8). However, despite this lapse, the parties have already met and conferred to discuss the objections to the subpoenas, the motion to compel subpoenas is fully briefed, and the underlying documents at issue in the subpoenas are similar to those in the motion to compel documents. To undo all that has been done would not result in judicial efficiency or further Rule 45(d)(1)'s requirement that the Court enforce the issuing party's responsibility to take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P. 45(d)(1). Therefore, "this Court exercises its discretion and construes the current" opposition to the "motion as a motion

8

for a protective order to enforce the limits on discovery provided by Rule 26(b), and to effectuate the principles identified in Rule 1." *DeLeon-Reyes*, 2020 WL 3050230, at 3.

### 2. Ms. Nasrabadi is required to substantiate that she has no documents responsive to subpoena Requests Nos. 1 and 4.

Similar to Request No. 15 that defendant served on plaintiff, Requests Nos. 1 and 4 of the subpoena to Ms. Nasrabadi seek translation documents. Plaintiff and Ms. Nasrabadi state that there are no documents responsive to these categories. (Dckt. #85 at 7). By April 14, 2021, Ms. Nasrabadi is ordered to submit an affidavit or declaration stating the steps she took to find documents responsive to these requests and certifying that the responsive documents (if any) that she has located have been provided to the defendant. *Hansen*, 2020 WL 5763588, at *3; *Lee*, 2021 WL 430696, at *6.

### 3. The motion to compel subpoenas to Ms. Pibazary (Requests Nos. 2-9) and Ms. Nasrabadi (Requests Nos. 2 and 3) is denied.

The arguments and case law cited to that the plaintiff and defendant state in support of and against the motion to compel subpoena are substantially similar to those stated in the motion to compel documents. Defendant claims the information sought in Requests Nos. 2 – 9 for Ms. Pibazary and Requests Nos. 2 and 3 for Ms. Nasrabadi are relevant because they go toward the witnesses' tendency to be truthful and whether they have taken actions "against United States' policy." Plaintiff and the witnesses argue that defendant is seeking these documents to prove a case within a case that these documents are neither relevant nor proportionate to the needs of this case. The Court, in its discretion and for the reasons stated above in Section III.A(2), agrees with plaintiff and the witnesses. Accordingly, the Court denies defendant's motion to the extent that it seeks to enforce these subpoena requests.

## CONCLUSION

For all these reasons, the Court grants in part and denies in part defendant's motion to compel documents and motion to compel subpoenas (Dckt. ##78, 79) and grants defendant's motions to file replies (Dckt. #87) and a supplemental reply (Dckt. #89). In addition, plaintiff is to provide defendant with an affidavit or declaration describing the efforts made to locate the documents responsive to Request No. 15 and certifying that any such responsive documents located have been produced by April 14, 2021. Ms. Nasrabadi is likewise ordered to provide defendant with an affidavit or declaration describing the efforts made to locate the subpoenaed documents responsive to Category Nos. 1 and 4 and certifying that any such responsive documents have been produced by April 14, 2021.

**Dated: March 31, 2021**

**Jeffrey T. Cummings**
**United States Magistrate Judge**