IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MANSOUR MERRIKHI NASRABADI,** | ) ) ) | |
| Plaintiff, | ) ) ) | No. 18 CV 8514 |
| v. | ) ) ) | Magistrate Judge Jeffrey I. Cummings |
| **TAHER KAMELI,** | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Mansour Merrikhi Nasrabadi filed this lawsuit alleging that defendant Taher Kameli, who is an attorney, engaged in legal malpractice and breached his fiduciary duty to plaintiff. On June 18, 2020, this Court ordered that all written discovery should be completed by July 31, 2020 and that all fact discovery should be completed by August 31, 2020. (Dckt. #67). On August 20, 2020, this Court further ordered that plaintiff's Rule 26(a)(2) expert disclosures should be made by October 16, 2020. (Dckt. #80). On September 20, 2020, plaintiff filed a motion seeking leave to issue what he described "a single discrete supplemental document request" to defendant pertaining to the United States Citizenship and Immigration Services' ("USCIS") July 18, 2018 decision to terminate the Chicagoland Foreign Investment Group, LLC ("CFIG") as an EB-5 Regional Center for the Immigrant Investor Program. (Dckt. #91). Plaintiff alleges that defendant used CFIG as the vehicle to solicit plaintiff and other immigrant investors to invest in projects developed and managed by defendant.

In his motion, plaintiff, who acknowledges that his request to serve this supplemental document request is made after close of fact discovery, asserts that he did not learn of the potential

significance of this information until the expert witness he retained in September 2020 requested the information and stated his belief that the requested documents would be important to formulating his opinions. Plaintiff asserts that this rationale provides "good cause" to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4).

Defendant objects to plaintiff's motion on the grounds that: (1) plaintiff has failed to show "good cause" for his otherwise untimely request; (2) the documents sought are not relevant to the parties' claims or defenses; (3) the request is not proportionate to the case in that there are "tens of thousands of pages" of responsive documents and it would take defense counsel "several months" to sort through them to create a privilege log; and (4) many of the responsive documents contain confidential information (such as social security numbers) and/or are protected by the attorney-client privilege. (Dckt. #95 at 5-12). The Court has considered each of defendant's objections and finds them to be without merit.

To begin, the parties agree that plaintiff must show "good cause" to modify the Court's scheduling order under Rule 16(b)(4). "The good cause provision of Rule 16(b)(4) does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence." *Gore v. 3M Co.,* No. 5:16-CV-716-BR, 2017 WL 5076021, at *1 (E.D.N.C. Nov. 3, 2017); *Pedigo v. Instant Brands, Inc.,* No. 120CV00026GNSHBB, 2021 WL 1124764, at *3 (W.D.Ky. Mar. 24, 2021) ("the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced"). In this case, plaintiff worked diligently to complete his written discovery within the deadline specified by the Court. Moreover, although plaintiff knew of the USCIS' decision to terminate CFIG prior to the fact discovery cutoff, plaintiff asserts without contradiction that he did not become aware that the USCIS' decision would be important to his case until he retained his expert witness in early to mid-

2

September, 2020 *after* the discovery deadline had passed.[1] Plaintiff filed this motion for leave to issue the supplemental document request within days after retaining and conferring with his expert. The Court finds that plaintiff has acted with diligence under these circumstances. *See, e.g., Salomon v. Adderley Indus., Inc.,* 960 F.Supp.2d 502, 507-08 (S.D.N.Y. 2013).[2]

The Court further finds that documentation related to the USCIS' decision to terminate CFIG relates to and is relevant to plaintiff's claims. The publicly-available but redacted version of USCIS' July 16, 2018 Notice of Termination of Chicagoland Foreign Investment Group ("Notice") indicates that:

> The primary issues identified in the 2017 NOIT [Notice of Intent to Terminate][3] were impermissible uses of EB-5 funds (or diversion of EB-5 funds) and lack of funds for timely and successful completion of identified projects.
>
> * * *
>
> The 2017 NOIT detailed the particulars of five assisted living facilities funded by six new commercial enterprises (each an 'NCE') – projects that the Regional Center (i.e., CFIG) described as its 'affiliated' because of the involvement of the Regional Center, its principal (i.e., defendant), and related parties in various managerial, ownership, and operational capacities within either the NCE, the job creating entity it funded . . ., or the associated project development company, Bright Oaks Development, Inc. ("Bright Oaks").

---

[1] Defendant's criticism of plaintiff for being unaware of the significance of the USIC's action prior to retaining his expert is difficult to square with defendant's continued insistence that the USCIS's termination of CFIG is irrelevant to plaintiff's claims. Furthermore, defendant's assertion that plaintiff could have retained his expert and learned of the significance of the USIC's action prior to the expiration of the fact discovery deadline – while true – does not show that plaintiff acted with a lack of diligence. Plaintiff was not required to retain his expert prior to the fact discovery cutoff so long as he disclosed his expert by October 16, 2020 as ordered by the Court.

[2] In *Salomon,* plaintiffs acted diligently prior to the expiration of the scheduling order and the court found that their failure to amend their pleading to add additional parties prior to the expiration of the deadline did not constitute a lack of diligence where plaintiffs "learned about the putative employer status of the additional parties through discovery after the expiration of the scheduling order deadline." *Salomon,* 960 F.Supp.2d at 507.

[3] The 2017 NOIT was served upon CFIG.

(Dckt. 97-1 at 7, 9). The parties agree that: (a) plaintiff invested over $500,000 in the Aurora Assisted Living EB-5 Fund (the "Fund"); (b) the Fund invested EB-5 capital in the Aurora Memory Care, LLC (the "Project"); and (c) that the Project is now in Chapter 7 bankruptcy proceedings. (Dckt. #95 at 2-3; Dckt. #24 at 2, 6). Finally, plaintiff asserts – without contradiction – that Bright Oaks, one of defendant's companies, was heavily involved in the Project. (Dckt. #97 at 2).

In sum: the issues and concerns that prompted the USCIS to terminate CFIG are directly related to the Fund in which plaintiff invested and the Project which the Fund bankrolled. Plaintiff's expert believes that the requested documentation concerning the USCIS' decision to terminate CFIG as an EB-5 Regional Center for the Immigrant Investor Program:

> will likely reveal Defendant's explanation of his role managing and serving as legal counsel for the divergent interests of: (1) CFIG, as the EB-5 Regional Center; (2) the EB-5 funds created to invest in development projects, including the Aurora Fund; (3) the underlying development projects, including Aurora Memory Care; and (4) the investors in those projects, including Plaintiff.

(Dckt. #91 at 2). Based upon this, the Court finds that plaintiff has made a sufficient showing that the requested document is relevant to his claims within the meaning of Rule 26(b)(1).

Finally, the Court finds that plaintiff's supplemental document request – narrowed as follows – is proportionate to the needs of the case and will neither unduly burden defendant nor cause him to produce documents that are either covered by the attorney-client privilege or contain confidential information unrelated to plaintiff. In particular, within 14 days of the entry of this order, the Court orders defendant to produce: (1) the unredacted version of the July 16, 2018 Notice; (2) a completed copy of the USCIS Form I-290B "Notice of Appeal or Motion" that CFIG submitted to the USCIS in connection with its appeal of the termination of CFIG; (3) a copy of any motions and briefs that CFIG submitted in support of its appeal; and (4) "documentation that directly involves Plaintiff's investment in the Fund" as referenced in defendant's response to this

motion (*see* Dckt. #95 at 15).[4]  With the exception of documents described in category 4, defendant need not produce any additional evidence submitted by CFIG in support of its appeal at this time.

## CONCLUSION

For these reasons, plaintiff's motion to issue supplemental document request is granted in part as specified in this Order.  Defendant is ordered to produce the documents listed above within 14 days of the entry of this Order (by July 1, 2021).

**Dated:** **June 17, 2021**

**Jeffrey I. Cummings**
**United States Magistrate Judge**

---

[4] Defendant asserted that in his response that plaintiff should be limited only to this fourth category of supplemental discovery if the Court determined that any supplemental discovery was warranted. (Dckt. #95 at 15).  The Court presumes that defendant would not have taken this position if producing the documents that directly involve plaintiff's investment in the Fund would be burdensome or unduly time-intensive.